## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

PATRINA CUTHBERTSON            :

          Plaintiff              :

vs.                                          : Civil Case No. **RWT 07-413**

MICHAEL O. LEAVITT            :

          Defendant          :

### MEMORANDUM OPINION

This is not the first action filed by Patrina Cuthbertson against Michael O. Leavitt in his capacity as Secretary of the U.S. Department of Health and Human Services. On January 26, 2006, she filed a complaint in this Court against Secretary Leavitt, Case No. 06-cv-00222-RWT (the "2006 action"), in which she asserted that, as an African American female employed as a mechanical engineer with the FDA, she was discriminated against on the basis of her sex and/or race in connection with her non-selection for certain vacancies and the denial of certain training opportunities. She also alleged that she had been required to endure a hostile work environment on the basis of her sex and/or race and in retaliation for her previous complaints of discrimination through continuous unfair treatment and denial of promotions.

On May 22, 2006, the Defendant filed a Motion to Dismiss or for Summary Judgment (Paper No. 5) in the 2006 action, and this Court scheduled a hearing on that motion for November 6, 2006, at 11:30 a.m. (Paper No. 6). A response to that motion was due on or before June 8, 2006, but the Plaintiff did not file a response. On August 1, 2006, the law clerk to the undersigned placed a telephone call to counsel for Ms. Cuthbertson, Deairich Hunter, Esquire, who informed her that he intended to file a motion for leave of court to file a late response, together with a proposed

response, that week.  When nothing was filed, the law clerk to the undersigned left further telephone messages for Mr. Hunter on August 14, 2006, August 30, 2006, September 20, 2006, and September 29, 2006, inquiring about the status of the proposed opposition to the Defendant's motion.  None of the phone calls was returned.

Finally, on October 17, 2006, a letter was sent to Mr. Hunter by the undersigned informing him of these delinquencies, reminding him that there was a hearing scheduled for 11:30 a.m. on November 6, 2006, and allowing him seven days to file his motion for leave to file a late response, along with a proposed response to the Defendant's motion.  (Paper No. 7).  A copy of this letter was electronically filed and also mailed to Mr. Hunter, as well as to his client.

At 11:49 p.m., on October 24, 2006, Mr. Hunter filed a Motion for Leave to File Opposition Out of Time (Paper No. 9) and a proposed Opposition to the Defendant's motion (Paper No. 8). Mr. Hunter explained in his motion for leave that an associate had left his practice in June 2006 without notice, and that he was swamped with work as a result, including "motions and discovery in over fifty cases."  He also reasoned that he was filing a late response because, "[t]he record in this case is quite voluminous.  It has taken counsel a substantial amount of time to review the records sufficiently to respond to the Defendant's motion."  The Motion for Leave was granted on October 26, 2006 (Paper No. 10), and the late Opposition was accepted for filing.

The Defendant filed a reply six days later, on October 30, 2006.   (Paper No. 11).  On November 1, 2006, Mr. Hunter filed an "amended response," which included lengthy exhibits. (Paper No. 12).  No leave of court was requested for the filing of the "amended response."

At 11:30 a.m. on November 6, 2006, the case was called for a hearing in open court and neither Mr. Hunter nor his client was present.  At 11:50 a.m. on November 6, 2006, Mr. Hunter

placed a call to the courthouse which was referred to the courtroom, and he advised the Court that he believed the hearing had been scheduled for 1:30 p.m., rather than 11:30 a.m., and that he was in his car on the way to the courthouse.  Because there were other matters on the Court's calendar, Mr. Hunter was asked whether he was prepared to give his argument over the telephone, and he stated that he was.  He was then put on a speaker phone and presented his arguments to the Court.

At the conclusion of the hearing, the Defendant's motion was granted, and a final judgment on the merits granted in favor of the Defendant. (Paper No. 13).   On November 21, 2006, the Plaintiff filed a Motion to Alter or Amend the Judgment (Paper No. 14), which was denied by Order dated November 29, 2006 (Paper No. 15).  No appeal was taken.

On February 16, 2007, Cuthbertson filed another Complaint in this Court against Secretary Leavitt, again alleging employment discrimination (the "2007 action").  (Paper No. 1).  As of May 22, 2007, Plaintiff had not filed proof of service pursuant to Rule 4(1) of the Federal Rules of Civil Procedure ("FCRP"), and Plaintiff's counsel, Mr. Hunter, was directed to advise the Court on or before June 5, 2007, of his intentions with regard to service. (Paper No. 5).  He was specifically cautioned that the action was subject to dismissal if service was not effected.

Repeating his performance in the 2006 action, Mr. Hunter failed to do so.  Accordingly, on June 20, 2007, the Court dismissed Plaintiff's Complaint without prejudice, pursuant to FRCP 4(m).

On July 5, 2007, Mr. Hunter filed on behalf of the Plaintiff a Motion to Amend Judgment. (Paper No. 7).  In that motion, her counsel, Mr. Hunter, asserted:

> that his associate, Ms. Nakiya Whittaker, did attempt to serve the
> Complaint, Plaintiff's First Set of Interrogatories and Plaintiff's
> Request For Documents on the Defendant. Ms. Whittaker is prepared
> to testify under oath that she sent these documents were sent [sic] by
> certified mail and first class mail to Secretary Leavitt, the Attorney
> General and the United States Attorney for the Southern District of

Maryland.

Counsel submits that Ms. Whitaker[1] was handling this case for the firm.  Counsel had no idea that no proof of service was filed and that the government had filed no response.  Ms. Whitaker, is licensed in Maryland and would have filed the instant motion but she is studying for the District of Columbia Bar exam.

Ms. Cuthbertson requested that the Court vacate its dismissal of the Complaint, as "the delay in service was not intentional and it does not prejudice the government in any way."  Moreover, she asserted that "failing to grant [counsel's] motion would be prejudicial to plaintiff as her claims would be time barred."

Under the circumstances of this case, a motion pursuant to FRCP 59(e) may only be granted to correct a clear error of law or prevent manifest injustice.[2]  *See EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997).  The Court concludes that there has not been a clear error of law and that the denial of Plaintiff's motion to amend would not result in manifest injustice.

Mr. Hunter is the only attorney who has entered an appearance on behalf of the Plaintiff and, as such, he is the attorney responsible for this case.  The Court, therefore, finds it entirely unconvincing that Mr. Hunter claims to have been unaware of the status of this case, as it was his duty, as counsel of record, to keep apprised of every filing in this case.  Mr. Hunter chose to ignore not only the deadline for filing proof of service pursuant to the Federal Rules of Civil Procedure, but also correspondence from the undersigned's courtroom deputy, directing Mr. Hunter to advise the Court of the status of service by a date certain.  Moreover, the Court notes that, despite Mr. Hunter's

---

[1]The Court is unable to ascertain from Mr. Hunter's motion the correct spelling of his associate's name, as his spelling is inconsistent.  The Court, therefore, will simply quote Mr. Hunter directly without further notation.

[2]There has been no intervening change in the controlling law, and no allegation of new evidence.  *See EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997).

assertion that "Ms. Whitaker is prepared to testify under oath that she sent these documents were sent by certified mail and first class mail to Secretary Leavitt," Mr. Hunter did not attach an affidavit from Ms. Whitaker nor did he file proof of service.

Finally, the Court again notes, as it did in its order dismissing this action without prejudice, that the Complaint in this case bears a striking similarity to the Complaint in the 2006 action which this Court dismissed *on the merits* on November 6, 2006.  While there appear to be some minor differences in the allegations of the Complaints in the 2006 action and the 2007 action, they all revolve around the employment relationship between the Plaintiff and the Department of Health and Human Services.  Because the 2006 action was adjudicated on the merits, all claims which the Plaintiff brought, or could have brought, in the 2006 action, are forever barred by *res judicata*.  *See Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004) ("For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.").  Between the 2006 and 2007 actions, there is an identity of parties and causes of action and a prior adjudication on the merits in the 2006 action.

The Complaint in this case alleges that Ms. Cuthbertson was retaliated against when she was not selected for the position at issue on January 6, 2006, twenty days *before* she filed the Complaint in the 2006 action on January 26, 2006.  As such, Ms. Cuthbertson could have brought this latest claim as part of the 2006 action, which included other claims of discriminatory non-selection and retaliation by the same employer.  Therefore, this claim, along with all claims that were brought, or which could have been brought, in the 2006 action are forever barred.

In the 2006 action, this Court found no merit to any of the Plaintiff's claims.  If there were

any merit to those claims, and the Court acted erroneously in granting summary judgment for the Defendant, then those claims should have been pursued in an appeal to the United States Court of Appeals for the Fourth Circuit.  The Plaintiff chose not to do so, but instead filed yet another action in this Court based on the same employment relationship and alleged that she was discriminated against and was subjected to retaliation when she was not selected for a position, a decision that occurred *prior to filing* the 2006 action.

Once again, the pursuit of her case was neglected by her counsel and service was never effected on the Defendant.  Because all claims which Ms. Cuthbertson brought, or could have brought, in the 2006 action, have been adjudicated finally on the merits, the Court concludes that there can be little question as to the lack of prejudice to her by declining to set aside the dismissal of the 2007 action for failure to effect service.

Accordingly, the Motion to Amend Judgment (Paper No. 7) will, by separate order, be denied.


Date: 10/18/07                                  _____/s/_____
                                                        ROGER W. TITUS
                                                UNITED STATES DISTRICT JUDGE